MORIAL, Judge
(dissenting).
I respectfully dissent.
The majority of this Court, in my opinion, has grossly erred by interpreting the absence of “police jurors” in the enumeration of “Parish Officials” in La.Const. Art. 6, §§ 5(G) and 7 to mean a police juror is not a “parish official.” La.Const. Art. 6 provides in part:
§ 5. Home Rule Charter
Section 5. (A) Authority to Adopt; Commission. Subject to and not inconsistent with this constitution, any local governmental subdivision may draft, adopt, or amend a home rule charter in accordance with this Section. The governing authority of a local governmental subdivision may appoint a commission to prepare and propose a charter or an alternate charter, or it may call an election to elect such a commission.
******
(G) Parish Officials and School Boards Not Affected.
No home rule charter or plan of government shall contain any provision affecting a school board or the offices of district attorney, sheriff, assessor, clerk of a district court, or coroner, which is inconsistent with this constitution or law.
§ 7. Powers of Other Local Governmental Subdivisions
Section 7. (A) Powers and Functions. Subject to and not inconsistent *642 with this constitution, the governing authority of a local governmental subdivision which has no home rule charter or plan of government may exercise any power and perform any function necessary, requisite, or proper for the management of its affairs, not denied by its charter or by general law, if a majority of the electors voting in an election held for that purpose vote in favor of the proposition that the governing authority may exercise such general powers. Otherwise, the local governmental subdivision shall have the powers authorized by this constitution or by law.
(B) Parish Officials and School Boards Not Affected.
Nothing in this Section shall affect the powers and functions of a school board or the offices of district attorney, sheriff, assessor, clerk of a district court, or coroner.
Parishes are creatures of the state and have been historically governed by police juries. National Liberty Ins. Co. of America v. Police Jury of Natchitoches Parish, 5 Cir., 96 F.2d 261. La.Const. Art. 6, § 5 provides for a procedural method by which a “local governmental subdivision,” i. e., a parish via its governing authority (police jury) can change its form of local government, e. g., abolish the police jury and substitute a home rule councilmanic, commission form, or city-parish plan of government. Article 6, § 5(G), and Article 6, § 7(B) merely prohibit existing authority of a local governmental subdivision or a new form of local governing authority from affecting the enumerated offices. To have the office of “police juror” included in the enumeration of “Parish Officials” would be absurd for the change from a police jury form of government to home rule necessarily implies a change affecting the “powers and functions” of the- office of “police juror.” The absence of “police juror” from the enumeration does not exclude the officer from the characterization of “Parish Official.” A “police juror” has been and is now a “parish official.” LSA-R.S. 33:1221; Centani v. Marrero, 13 Orl.App. 185, 193 (1915).
In my opinion the office of police juror is a “parochial office.” A member of a police jury, whether elected from within traditional ward boundaries, a “police jury ward,” or a district (See LSA-R.S. 33:1221 and 1224), is not a ward officer. The powers and duties of the police jury have for their object the administration of the affairs of the parish (not merely the administration of the affairs within the limited territorial boundaries from which a juror is elected). LSA-R.S. 33:1236.
Correspondingly, while a representative is now elected from an area designated a “representative district” without regard to ward boundaries, he cannot be a district officer. It cannot be argued that membership in the House of Representatives is a “district office” within the purview of LSA-R.S. 18:394.1 subd. C. The House of Representatives being a house of the state legislature has for its object the legislative administration of the affairs of the state and like a police jury not merely the affairs of the territorial area from which a member is elected.
Though, as the majority correctly states, police jurors were historically elected from “police jury wards,” they have, at least since Act 161 of 1894 had the character of parish officer. See Centani v. Marrero, supra. Election from within a ward does not absolutely assign to the office to which elected the designation “ward office.” I look to the nature of the powers and duties delegated and assigned to determine the character of the office.
A “police juror” must possess the same qualifications as a member of the House of Representatives. LSA-R.S. 13:1225. Since LSA-R.S. 18:394.1 subd. C requires the same number (300) of signatures of qualified voters for a candidate for a parochial office as for a member of the House of Representatives, it is apparent that “po *643 lice juror” was intended to be included in the term “parochial offices.”
Finally, absent anything to the contrary. I presume that in 1975 the legislature had available to it sufficient data and information from which it could conclude that there was no “police jury ward”- from which a candidate for the “parochial office” of “police juror” could not have obtained the 300 signatures required by LSA-R.S. 18:394.1 subd. C because of the insufficiency of the number of registered voters therein.